IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE OF

Of

JAMES RALPH CHARGUALAF,

Deceased.

)
)
)
)
)
)
)
)
)
)

**PROBATE CASE NO. PR0119-07**

**DECISION & ORDER RE:**
**OBJECTION TO PETITION**
**FOR FINAL DISTRIBUTION**

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on April 5, 2013 for a hearing on the Petition for Final Distribution (hereinafter "Petition") filed on October 9, 2012 by Rick Allan Cruz, Administrator of the Estate (hereinafter "Petitioner"), and to address the Objection to Rendering of Account for Final Settlement and Petition for Distribution and Second Request to Any and All Marital Property and Distribution of Separate Property Pursuant to 15 GCA § 907 (hereinafter "Objection") filed on October 29, 2012 by Edward Han (hereinafter "Han"), as Administrator of the Estate of Soon Dae Chargualaf, former administrator of the Estate of James Ralph Chargualaf (hereinafter the "Estate") and now deceased. Petitioner was represented at the hearing by Attorney Peter F. Perez. Han is represented by Attorney William B. Pole; both Han and Pole were present at the hearing of this matter.

After reviewing the Petition, the Objection, and subsequent filings by the parties; considering oral arguments by the parties; the underlying record; and the applicable case law and statutes, the Court finds merit in the Objection and hereby **DENIES** the Petition for Final Distribution.

## FACTUAL AND PROCEDURAL BACKGROUND

James Ralph Chargualaf (hereinafter "Decedent") and Soon Dae Chargualaf (hereinafter

"Soon Dae") were married on January 23, 2001. Decedent died intestate on December 3, 2006. Soon Dae was appointed administrator of the Estate on November 7, 2007. In addition to his surviving spouse, Decedent left three siblings who now assert their claims as heirs of Decedent: Denise Chargualaf Cruz, Jeffrey Chargualaf, and Paul Vincent Chargualaf. Before the Decedent's estate could be distributed, Soon Dae died intestate on September 12, 2010. Subsequently, on July 14, 2011, Rick Allan C. Cruz, husband of Denise Chargualaf Cruz and one of decedent's heirs, was appointed the successor Administrator of the Estate. *See* Order Appointing Administrator to Replace Deceased Administratrix (July 14, 2011).

Petitioner requests that the Estate's assets, consisting of undivided ¼ interests in three pieces of real property, be distributed to the three sibling heirs of the Decedent in equal portions, without regard for the Estate of Soon Dae Chargualaf. Han's Objection is based upon a claim that the Estate of Soon Dae Chargualaf is entitled to one-half of the estate of Decedent and the proposed Final Distribution fails to provide for her estate and for the fee due to her as prior administrator of Decedent's estate. Objection at 2.[1] Finally, Objector claims that Petitioner has willfully excluded a rightful heir from the Petition and should thereby forfeit his share of any administration fees. Response to Reply to Objection (Jan. 8, 2013).

## LAW AND ANALYSIS

### A. The Estate of Soon Dae Chargualaf Is Entitled to Take from Decedent's Property Which Was Not Distributed Prior to Her Death.

Guam law provides that, with regard to distribution where a decedent dies intestate and leaves a surviving spouse, but no issue, "the decedent's separate estate goes one-half (1/2) to such surviving spouse and one-half (1/2) to the decedent's parents in equal shares; or if either is dead to the survivor; or if both are dead to their issue and the issue of either of them, by right of

---

[1] Probate of Soon Dae Chargualaf's estate remains open in the Superior Court of Guam as PR0126-10.

representation." 15 G.C.A. § 907 (2005).

The record establishes that Soon Dae was entitled to ½ of Decedent's estate prior to her own death, as a matter of law, and that upon her death, this interest passed on to her estate. During a status hearing before the Honorable Elizabeth Barrett-Anderson on January 13, 2011, Attorney Perez, as representative for the siblings of the Decedent who had died intestate, informed Judge Barrett-Anderson there was no dispute "over the issue of what constitutes the estate itself" but only "with respect to the disposition and allocation of the assets of the estate" because Soon Dae, as the Administratix, had retracted her approval of the negotiated settlement Agreement. Recording Log of Status Hearing (Jan. 13, 2011). During the hearing, counsel attorney for Petitioner indicated that, if no resolution could then be reached, that the siblings would "file a motion with the court to enforce the earlier settlement understanding that had been reached or in the alternative I would simply ask the court to distribute the assets of the estate in accordance with intestate succession." *Id.*. There was no challenge to Soon Dae's entitlement to ½ of the Decedent's estate as of January 2011, and the contention that the Estate of Soon Dae Chargualaf is no longer an heir "because she is now deceased" is meritless.

Only now, coincidentally after Soon Dae's death, is her right to ½ of Decedent's estate disputed by the Petitioner and the sibling heirs. Had James Chargualaf's estate been distributed prior to Soon Dae's death on September 12, 2010, such distribution would have been made pursuant to laws of intestate succession. This is a fact asserted by Petitioner during the January 11, 2013 hearing before Judge Barrett-Anderson.

The generally applicable statute concerning Soon Dae's right of succession to the Decedent's property is 15 GCA § 901 ("The separate property of a person who dies without disposing of it by will is succeeded to and **must be distributed** as hereinafter provided in this

Chapter. . .")(emphasis added). More specifically, Decedent left a surviving spouse and no issue, therefore 15 GCA § 907 provides that "[i]f the decedent leaves a surviving spouse, but no issue, the decedent's separate estate goes one-half (1/2) to such surviving spouse. . . ." 15 GCA § 907 (2005). This language is unambiguous, and the instant Petition is defective in not providing for distribution of one-half of Decedent's estate to the Estate of Soon Dae Chargualaf, who was Decedent's surviving spouse.[2]

Petitioner's contention that the Objection is inappropriate and that the Estate of Soon Dae should have filed a Petition for Heirship Determination or Entitlement for Distribution is also without merit. As discussed herein, it is uncontroverted that Soon Dae was entitled, as a matter of law, to a portion of her husband's estate. Han, as the Administrator of her Estate, seeks only to recover the interest as mandated by 15 G.C.A. §2205(a). The fact that her son asserts claims as an heir to her estate has absolutely no relevance to the question at bar: whether Soon Dae is entitled to half of her husband's estate. Consequently, the Court rejects this argument.

**B.      Petitioner Did Not Provide Adequate Notice of the Petition to the Estate of Soon Dae Chargualaf.**

Petitioner's complaint that Han's Objection is untimely is disingenuous. As discussed previously, the record establishes unequivocally that Petitioner and the Decedent's siblings were aware of Soon Dae's interest in the Decedent's estate and, prior to becoming made aware of her death, they did not object to a distribution by the court pursuant to the laws of intestate

---

[2] Title 15 GCA § 2205(a) mandates that Han, as the Administrator of Soon Dae's estate, assert the estate's claim over the ½ share of Decedent's estate: "the personal representative **shall take into his possession** all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate; and the personal representative is entitled to the possession of all real and personal property of the decedent. . .until the estate is settled or until delivered over by order of the Superior Court of Guam to the heirs, devisees, or legatees." 15 GCA § 2205(a) (2005)(emphasis added).

succession. On February 25, 2011, Petitioner filed his Petition for Appointment of Administrator to Replace Deceased Administratrix, which was granted during a hearing before Judge Barrett-Anderson on July 14, 2011. *See also* Order Appointing Administrator To Replace Deceased Administratrix (July 14, 2011). Moreover, the issue of timely notice of the Objection is inapposite in this case because Soon Dae notified all interested parties of her status as an heir when her letters of administration were granted on November 7, 2007 and her petition thereto listed herself as the only known heir. Therefore, all subsequent heirs were duly informed and notified of her right to take half of Decedent's estate. That the heirs had notice of Soon Dae, or her estate's interest, in Decedent's estate is further supported by the representations made to Judge Elizabeth Barrett-Anderson during the Status Hearing held on January 13, 2011.[3]

Importantly, despite having actual knowledge of Soon Dae – or her estate's – interest in Decedent's estate, Petitioner failed to provide adequate notice as required under 8 GCA §§ 3401, 3403 and 3011. The record also establishes that Han filed his Request for Special Notice, as Administrator of the Estate of Soon Dae Chargualaf, on April 26, 2012; yet, despite such Request, no mention of her estate is made in the Final Account of Administrator and Petition for Final Distribution filed on October 9, 2012, and the Declaration of Mailing establishes that Han *did not* receive Notice as required under §§ 3401 and 3403. Consequently, the Petition is denied for failure to provide adequate notice to the Estate of Soon Dae Chargualaf.

---

[3] A review of the recorded proceedings of January 13, 2011 indicates that neither Judge Barrett-Anderson nor any of the attorneys present appeared to know that Soon Dae had passed away prior to the hearing when those representations were made. However, this indicates that the heirs named in the instant Petition were fully aware of Soon Dae's claims to her share of the Decedent's estate.

**C.** **The Estate of Soon Dae Chargualaf Is Entitled to a Fee as the First Administrator of Decedent's Estate.**

It is undisputed that Soon Dae served as administrator of Decedent's Estate from November 7, 2007 until her death on September 12, 2010. After her death and since July 14, 2011, Petitioner has served as the successor administrator. Title 15 GCA § 2803(a) states that "[i]f there are two or more personal representatives, the compensation shall be apportioned among them by the Superior Court according to the services actually rendered by each." 15 GCA § 2803(a) (2005). As a matter of law, the Estate of Soon Dae Chargualaf is entitled to a share of the fee owing to the personal administrators. However, the record does not indicate if Soon Dae Chargualaf ever received any compensation or incurred any expenses during her time of service and in the absence of further fact-finding this Court is unable to make a final determination as to the amounts due to each administrator.

**D.** **The Court Denies Request to Require Petitioner to Forfeit His Share of the Administration Fee for Decedent's Estate**

Han requests that this Court either allocate the full compensation due to the Decedent's personal representatives to the Estate of Soon Dae Chargualaf as permitted under 15 GCA § 2803(a) or impose sanctions under Guam R. Civ. P. 11. However, Han has not presented sufficient evidence for a finding of willful behavior in contravention of the law to warrant such a remedy. At this time, the Court will decline to order the forfeiture of the Petitioner's compensation when Petitioner has, in fact, performed services for Decedent's estate and Objector has failed to present sufficient evidence of willfully improper behavior. However, the Court reserves the right to entertain such a motion for appropriate sanctions in the future under GRCP 11(c)(1)(A).

CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Petition for a Final Distribution is **DENIED** for failing to provide sufficient notice of the Petition to the Estate of Soon Dae Chargualaf and for failure to account for Soon Dae Chargualaf's intestate share of Decedent's estate as Decedent's surviving spouse. The Court **GRANTS** Han's request for payment of Soon Dae's statutory fee pursuant to 15 G.C.A. § 2803(a), subject to the filing of proof of the amount to which she is entitled, with notice to the heirs of the Estate as required under the Probate Code. The Court **DENIES** Han's request that any fees to which Petitioner, as the Administrator of Decedent's estate, may be entitled be forfeited and awarded solely to the Estate of Soon Dae Chargualaf for lack of sufficient evidence supporting such request.

A Status Hearing in this case is scheduled for December 5, 2013 at 10:00 a.m., during which time Han, on behalf of the Estate of Soon Dae Chargualaf, shall present evidence in support of the Estate's request for fees under 15 GCA § 2803(a). The Court may also consider any argument of the parties as to why this Court should not distribute the Estate in accordance with the law of intestate succession.

**SO ORDERED this 28th day of October, 2013.**

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**